IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BREWERY PROPERTIES GROUP, LLC, | ) | Case No. 11-14208 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| MERCURY BREWING AND | ) | |
| DISTRIBUTION CO., INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. |
| | ) | |
| BREWERY PROPERTIES GROUP, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027(a), the Debtor, Brewery

Properties Group, LLC. ("BPG"), hereby removes to this Court the above-captioned civil action

currently pending before the Massachusetts Superior Court for Essex County, Docket No. 10-

1292 (the "Superior Court Action").  As grounds for removal, BPG states as follows:

1.     On May 3, 2011 (the "Petition Date"), BPG filed a voluntary Chapter 11 petition

commencing this Chapter 11 case.  BPG remains in possession and operation of its business and

financial affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy

Code.

2.    The Superior Court Action involves disputes arising under and with respect to a lease of real property owned by BPG and leased to Mercury Brewing and Distribution Co., Inc. ("Mercury"). BPG is the nominal defendant in the Superior Court Action, and has asserted counterclaims against Mercury for, *inter alia*, nonpayment of rent in the aggregate amount of nearly $500,000 as of the Petition Date. The real property is BPG's only significant tangible asset, and the lease and BPG's claims against Mercury and other entities arising with respect to the realty and the lease constitute BPG's only significant intangible assets.

3.    BPG's proposed plan of reorganization depends on recovery of unpaid rent from Mercury. As such, the Superior Court Action involves claims against BPG's estate and claims asserted by BPG, and its resolution will affect the administration and ultimate outcome of this Chapter 11 case.

4.    Under 11 U.S.C. § 1334(b), the District Court has original, non-exclusive jurisdiction over the claims at issue in the Superior Court Action, as such claims relate to BPG's Chapter 11 case. Pursuant to Rule 201 of the Local Rules of the United States District Court for the District of Massachusetts, the District Court referred to the Bankruptcy Court all proceedings arising under or related to cases under the Bankruptcy Code. BPG accordingly is removing the Superior Court Action to this Court. *See* 28 U.S.C. § 157(a); LR, D.Mass. 201; MLBR 9029-3 (adopting LR, D.Mass. 201); *see also Braden Partners, L.P. v. Hometech Medical Services, Inc.*, No. C-02-5187 EMC, 2003 WL 223423, at *2 (N.D. Cal. Jan. 17, 2003) (when district court has referred bankruptcy proceedings to bankruptcy court, removal applications are to be directed to bankruptcy court).

5.    Upon removal to this Court, the Superior Court Action will be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O).

6.     Copies of all pleadings and process filed in the Superior Court Action are

submitted herewith, in accordance with Fed. R. Bankr. P. 9027(a)(1).


Dated: May 4, 2011                          BREWERY PROPERTIES GROUP, LLC

                                            By its proposed attorneys,


                                            /s/ Michael J. Goldberg
                                            Michael J. Goldberg (BBO #551869)
                                            A. Davis Whitesell (BBO #551462)
                                            Andrew Imbriglio (BBO #676049)
                                            CASNER & EDWARDS, LLP
                                            303 Congress Street
                                            Boston, MA 02210
                                            Tel: (617) 426-5900
                                            Fax: (617) 426-8810
                                            Email: goldberg@casneredwards.com


56818.0/507108.1

COMMONWEALTH OF MASSACHUSETTS

ESSEX , ss                                                    SUPERIOR COURT

|  |  |
|---|---|
| MERCURY BREWING AND DISTRIBUTION CO., INC. | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| BREWERY PROPERTIES GROUP, LLC, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

C.A. No. 10-1292

## **PLEADING BINDER I**

| | | |
|---|---|---|
| 1. | 06/11/10 | Complaint and Jury Demand |
| 2. | 06/11/10 | Civil Action Cover Sheet |
| 3. | 06/11/10 | Scheduling Order for F Track |
| 4. | 06/14/10 | Summons |
| 5. | 07/14/10 | Answer and Counterclaim |
| 6. | 08/11/10 | Reply of Plaintiff to Defendant's Counterclaim |



80000 SERIES
30% P.C.W.

NEENAH PAPER
RECYCLED

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NUMBER: ESCV2010-1292C

| | |
|---|---|
| MERCURY BREWING AND DISTRIBUTION CO., INC., Plaintiff, | ) ) ) |
| | ) |
| v. | ) ) |
| BREWERY PROPERTIES GROUP, LLC, Defendants. | ) ) ) |

## REPLY OF PLAINTIFF TO DEFENDANT'S COUNTERCLAIM

The Plaintiff Mercury Brewing and Distribution Company, Inc., replies to the Counterclaim of Defendant Brewery Properties Group, LLC, as follows:

Replying to the Counterclaim paragraph by paragraph, and using the same numbering system used by the Defendant in its Counterclaim, the Plaintiff says:

6.   Admitted.

7.   Denied.

8.   Admitted that the lease provides for the Lessee to pay real estate and personal property taxes; otherwise, denied.

9.   Denied.

10.   Admitted except as to date of certain documents.

11.   Admitted that Martin executed and delivered to the bank a personal guaranty; otherwise, denied.

12.   Admitted.

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

AUG 1 2 2010

*Thomas H. Driscoll Jr.*
CLERK

13.   Denied.  Further answering, the allegations are against an individual other than the Plaintiff.

14.   Denied.

15.   Denied.

16.   Denied.  Further answering, the allegations are against an individual other than the Plaintiff.

17.   Denied.

18.   Denied.  Further answering, the allegations are against an individual other than the Plaintiff.

19.   Admitted that Plaintiff advanced monies towards improvements to, and construction of, the building, which improvements and construction were the obligation of the Defendant.

20.   Denied.  Further answering, the allegations are against an individual other than the Plaintiff.

21.   Admitted that certain HVAC invoices were directed to the Plaintiff and that the Defendant has not completed the HVAC work; otherwise, denied.

22.   Denied.  Further answering, the allegations are against an individual other than the Plaintiff.

23.   Admitted that Martin wrote such a check; otherwise, denied.

24.   Denied.  Further answering, the allegations are against an individual other than the Plaintiff.

25.   Denied.

26.    Denied.   Further answering, the allegations are against an individual other than the Plaintiff.

27.    The Plaintiff repeats and realleges paragraphs 6 – 26 herein.

28.    Denied.

29.    The Plaintiff repeats and realleges paragraphs 6 – 28 herein.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    The Plaintiff repeats and realleges paragraphs 6 – 33 herein.

35.    Denied.

36.    Denied.

37.    Denied.

By way of affirmative defenses, the Plaintiff says:

### FIRST

The Counterclaim fails to state a claim upon which relief can be granted because no count states a prima facie case.

### SECOND

The Defendant has failed to perform conditions precedent to the Plaintiff's obligation to pay rent.

### THIRD

The Defendant seeks recovery against the Plaintiff based upon acts of another for whom the Plaintiff is not responsible.

## FOURTH

The Defendant is estopped from recovery against the Plaintiff.

## FIFTH

The Defendant's recovery is barred by failure of consideration.

## SIXTH

All monies due from the Plaintiff to Defendant have been paid.

## SEVENTH

The Defendant's material breach of the lease excuses Plaintiff's performance.

## EIGHTH

The Defendant has waived its rights to recover against the Plaintiff.

**WHEREFORE,** the Plaintiff prays that the Defendant's Counterclaim be dismissed with attorney's fees and costs to the Plaintiff.

Respectfully submitted,
Mercury Brewing and Distribution
Company, Inc.
By its attorney,

William H. Sheehan III
BBO #457060
MacLean Holloway Doherty
Ardiff & Morse, P.C.
8 Essex Center Drive
Peabody, MA 01960
(978) 774-7123

Dated: August 11, 2010

## CERTIFICATE OF SERVICE

I, William H. Sheehan III, attorney for the Plaintiffs hereby certify that I served a copy of the above document upon all parties or counsel of record, by mailing the same, first class mail, postage prepaid, to the following attorney:

Bill N. Jacob
Willows Professional Park
805 Turnpike Street, Ste. 201
North Andover, MA  01845

Dated:  August 11, 2010

William H. Sheehan III

29694-1/138407.doc



60000 SERIES
30% P.C.W.

RECYCLED©



80000 SERIES
30% P.C.W.

NEENAH PAPER
RECYCLED

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* -    TORT  -  MOTOR VEHICLE TORT -
CONTRACT   -  EQUITABLE RELIEF   -   OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.    2010-1292C

Mercury Brewing and Distribution Co., Inc. ......................................, Plaintiff(s)

v.

Brewery Properties Group, LLC ......................................, Defendant(s)

## SUMMONS

To the above named Defendant:   Brewery Properties Group, LLC

You are hereby summoned and required to serve upon___William H. Sheehan III_____,

plaintiff's attorney, whose address is ___MacLean Holloway Doherty Ardiff & Morse, P.C.___
___8 Essex Center Drive, Peabody, Ma  01960_____ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

___Lawrence_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE    , Esquire, at Salem, the    14th
day of    June    , in the year of our Lord two thousand
and Ten

(LS)

A TRUE COPY, ATTEST

*Thomas H. Driscoll Jr.*

DEPUTY SHERIFF

*Clerk*

5/21/11

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
defendant, each should be addressed to the particular defendant.

*NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office*



Essex County Sheriff's Department , PO BOX 2019, Salem, MA 01970

June 24, 2010

I hereby certify and return that on 6/21/2010 at 9:38AM I served a true and attested copy of the summons and complaint, civil action cover sheet in this action in the following manner: To wit, by delivering in hand to Brenda Ward, agent, person in charge at the time of service for Brewery Properties Group, LLC c/o Todd W. Darling, Mgr., 18 Sheffield Road, Boxford MA 01921(residence address) . Basic Service Fee ($30.00), Conveyance ($4.50), Travel ($9.60), Postage and Handling ($1.00), Copies ($5.00) Total Charges $50.10

Deputy Sheriff Gary Fidrych

**N.B.** TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

| |
|---|
| , 20 |

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

JUN 2 9 2010

CLERK

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 2010-1292C

Mercury Brewing and Distribution Co., Inc.,
Plaintiff(s)

v.

Brewery Properties Group, LLC
Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)



80000 SERIES
30% P.C.W.

NEENAH PAPER
RECYCLED ©

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET # ESCV2010-01292-
Courtroom CtRm 1 (Lawrence

RE:   **Mercury Brewing and Distribution Co Inc v Brewery Properties Group LLC**

TO:
William H Sheehan III, Esquire
MacLean Holloway Doherty Ardiff & Morse PC
8 Essex Center Drive
Peabody, MA 01960-2911

## SCHEDULING ORDER FOR  F  TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standin
Order 1-88. The order requires that the various stages of litigation described below must be completed n
later than the deadlines indicated, and case shall be resolved and judgment shall issue **04/01/2012.**

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 09/09/2010 | 09/09/2010 | |
| Response to the complaint filed (also see MRCP 12) | | 10/09/2010 | |
| All motions under MRCP 12, 19, and 20 | <ERROR> | 11/08/2010 | <ERROR> |
| All motions under MRCP 15 | <ERROR> | 11/08/2010 | <ERROR> |
| All discovery requests and depositions served and non-expert depositions completed | 04/07/2011 | | |
| All motions under MRCP 56 | <ERROR> | 06/06/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/04/2011 |
| Case shall be resolved and judgment shall issue by **04/01/2012** | | | 04/01/2012 |

- The final pre-trial deadline is not the scheduled date of the conference.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing retur
  service.

Thomas H. Drisco
Clerk of the C

Dated: 06/11/2010

Telephone: (978) 687-7463



80000 SERIES
30% P.C.W.

KILLBRI-TOM
RECYCLED ♻

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S) Mercury Brewing and Distribution Co., Inc. | DEFENDANT(S) Brewery Properties Group, LLC |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE William H. Sheehan III. BBO #457060 MacLean Holloway Doherty Ardiff & Morse, P.C. 8 Essex Center Drive Peabody, MA 01960   (978) 774-7123   Board of Bar Overseers number: | ATTORNEY (If known) |

## Origin code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup. Ct. C.231,s. 102C (X)
- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from Judgment/Order (Mass.R.Civ.P 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? | |
|---|---|---|---|---|
| A99 | Breach of Commercial Lease | ( F ) | ( x ) Yes | ( x ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; Indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1. Total hospital expenses  .......................................................  $ ......................
   2. Total Doctor expenses  ........................................................  $ ......................
   3. Total chiropractic expenses  ................................................  $ ......................
   4. Total physical therapy expenses  .........................................  $ ......................
   5. Total other expenses (describe)  ..........................................  $ ......................
                                    Subtotal $ ......................

B.  Documented lost wages and compensation to date  ...............  $ ......................
C.  Documented property damages to date  ...............................  $ ......................
D.  Reasonably anticipated future medical and hospital expenses  ...  $ ......................
E.  Reasonably anticipated lost wages  ......................................  $ ......................
F.  Other documented items of damages (describe)
                                          $ ......................

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                    TOTAL $ ......................

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant has breached the parties' commercial lease.  The value of the leasehold interest exceeds $100,000.

                            TOTAL $   100,000 +

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.     N/A

"I hereby certify that I have Complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with Information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods:"

Signature of Attorney of Record _____   DATE: 6-11-10

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 10 - 1292 | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S) Mercury Brewing and Distribution Co., Inc. | DEFENDANT(S) Brewery Properties Group, LLC |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE William H. Sheehan III. BBO #457060 MacLean Holloway Doherty Ardiff & Morse, P.C. 8 Essex Center Drive Peabody, MA 01960   (978) 774-7123 | ATTORNEY (If known) |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C.231, s. 102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Commercial Lease | ( F ) | ( x ) Yes   ( x ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; Indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................. $ ........................
2. Total Doctor expenses ................................................................. $ ........................
3. Total chiropractic expenses ................................................................. $ ........................
4. Total physical therapy expenses ................................................................. $ ........................
5. Total other expenses (describe) ................................................................. 
Subtotal $ ........................

B. Documented lost wages and compensation to date ................................................................. $ ........................
C. Documented property damages to date ................................................................. $ ........................
D. Reasonably anticipated future medical and hospital expenses ................................................................. $ ........................
E. Reasonably anticipated lost wages ................................................................. $ ........................
F. Other documented items of damages (describe) ................................................................. $ ........................

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

TOTAL $ ........................

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant has breached the parties' commercial lease. The value of the leasehold interest exceeds $100,000.

TOTAL $   100,000 +

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.   N/A

"I hereby certify that I have Complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules o Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispu resolution services and discuss with them the advantages and disadvantages of the various methods:"

Signature of Attorney of Record _____   DATE: 6-11-10



# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NUMBER: 10-1292

| | |
|---|---|
| MERCURY BREWING AND DISTRIBUTION CO., INC.,<br>Plaintiff, | ) ) ) |
| v. | ) ) |
| BREWERY PROPERTIES GROUP, LLC,<br>Defendants | ) ) ) |

## COMPLAINT AND JURY DEMAND

**NOW comes** the Plaintiff Mercury Brewing and Distribution Co., Inc. and makes complaint and jury demand as follows:

1.     Plaintiff Mercury Brewing and Distribution Co., Inc. ("Plaintiff") is a Massachusetts corporation with a principal place of business at 23 Hayward Street, Ipswich, Massachusetts.

2.     Defendant Brewery Properties Group, LLC ("Defendant") is Massachusetts limited liability company with a principal place of business at 221-R Washington Street, Topsfield, Massachusetts.

3.     The Plaintiff, as lessee, and the Defendant, as lessor, are the parties to a lease dated November 1, 2008 regarding the premises commonly known as 2 Soffron Lane, Ipswich, Massachusetts ("Premises"). Attached hereto and marked Exhibit "A" is a true and correct copy of the lease.

4.     The Plaintiff has performed all of its obligations under the lease, but the Defendant has breached, and continues to breach, its obligations thereunder by, among others, failing and refusing to complete the construction of the building at the Premises.

1

5. As a result of the breach of lease by the Defendant, the Plaintiff has suffered damage.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount to be determined by the trier of fact, together with interest and costs.

### JURY DEMAND

The Plaintiff demands a trial by jury.

Respectfully submitted,
Mercury Brewing and Distribution Co., Inc.
By its attorney,

William H. Sheehan III, BBO #457060
MacLean Holloway Doherty Ardiff & Morse, P.C.
8 Essex Center Drive
Peabody, MA 01960
(978) 774-7123
wsheehan@mhdpc.com

Dated: June 11, 2010

2



8705A.MARTIN.LSE/WIPOCT/102208/A

## LEASE

LEASE, made and entered into as of the 1st day of November, 2008, by and between BREWERY PROPERTIES, LLC, now of Topsfield, Massachusetts (the LESSOR), and MERCURY BREWING AND DISTRIBUTION CO., INC., a Massachusetts business corporation, of Ipswich, Massachusetts (the LESSEE).

WITNESSETH; That the LESSOR hereby leases to said LESSEE the following described premises:

> The land and improvements thereon commonly
> known as 2 Soffron Lane, Ipswich,
> Essex County, Massachusetts.

The term of this lease is from April 1st, 2009, to March 31st, 2019.

1. The premises shall be used to deal in activities generally and normally involved in or related to a brewery and a brew pub.

2. Until March 31st, 2014, the LESSEE agrees to pay to the LESSOR the amount of Nineteen Thousand Dollars ($19,000) Dollars per month to commence upon April 1st, 2009. On March 31st, 2014, the monthly rental shall be increased by mutual agreement of the parties and such increased rental shall be fixed for the next three (5) years of the term. The monthly rental is to be paid in advance by the LESSEE to the LESSOR on or before the first day of each calendar month. In addition to the monthly rental, the LESSEE shall promptly pay all real estate and personal property taxes to the Town of Ipswich in connection with the premises.

3.. The LESSEE shall be responsible and shall pay for the furnishing and charges for all utilities, landscaping, snow and ice removal, maintenance and repairs. Without limiting the generality of the foregoing, the LESSEE shall: provide regular maintenance and repairs to all heating, air conditioning, hot water and other equipment serving the premises; provided janitorial and cleaning services; remove snow and ice from the

parking area and walkways; sand, patch and re-stripe the parking
area; repaint interior surfaces; and replace broken glass with
glass of the same kind and quality.  The LESSOR covenants and
agrees that it will make all necessary repairs and replacements
to the structure of the building so that said building will
comply with applicable law and any other required structural
repairs and replacements to said building.  Structural repairs
and replacements shall mean and include repairs and replacements
to the roof and exterior walls of said building and to major
items of equipment such as HVAC equipment.

4.   The LESSEE will not use the premises to carry on, or
permit upon the premises any offensive, noisy or dangerous
trade, business, manufacture or occupation, or any nuisance or
anything against public policy, or use or allow the same to be
used for any illegal purpose, and the LESSEE agrees that nothing
in violation of any present or future Federal, State or
Municipal Law or Ordinance shall be done, maintained or
permitted in or upon premises.

5.   The LESSEE shall not assign or transfer this lease or
any interest thereon nor sublet the premises or any part thereof
and without the written consent of the LESSOR and the LESSOR's
mortgagee.  This lease shall not be assignable or transferable
by operation of law or by any process or proceeding of any
Court, or otherwise without the written consent of the LESSOR.

6.   The LESSEE agrees to keep the demised premises in a
safe condition.  Any alterations, repairs, additions or
improvements shall, unless otherwise provided for by written
agreement, become the property of the LESSOR and shall remain
upon and be surrendered with the premises upon the expiration of
this lease or upon any sooner termination.

7.   The LESSEE agrees to hold the LESSOR free and harmless
from any liens, judgments or encumbrances created or suffered by
the LESSEE, and from any and all liability, penalties, losses,
damages, costs and expenses, causes of action, claims or act or
acts, omission or omissions, of the LESSEE or of its employees,
agents or servants or sub-tenants, and growing out of the
occupation of the premises.

8.   If the LESSEE fails or defaults in performing any of
the terms, covenants or conditions of this lease, or if the
LESSEE does not promptly and fully make any payment of the rent

2

in the manner and within fourteen (14) days of the time herein stipulated then the LESSOR, at its option to the extent permitted by law, forthwith and without notice to the LESSEE, may terminate and end this lease and all rights of the LESSEE hereunder, and reenter the premises and remove all property.

9.  The LESSOR covenants that it has full authority to execute this lease and that upon the LESSEE faithfully performing the terms, covenants, and conditions hereof, including the prompt payment of the rent, the LESSEE shall and may quietly and peaceably, hold and enjoy the demises premises during the term.

10.  The LESSEE shall maintain during the term of this lease, at its own expense, comprehensive public liability insurance in companies qualified to do business in Massachusetts, which shall insure the LESSOR and all persons claiming under the LESSOR, as well as the LESSEE, against all claims for injuries to persons (including death) occurring in or about the demises premises, in the amount of at least One Million ($1,000,000.00) Dollars in the event of injury or death of one person, in the amount of at lease One Million ($1,000,000.00) Dollars for any one accident, and against all claims for damage to or loss of property occurring in or about the demises premises in the amount of at least One Million ($1,000,000.00) Dollars.  The LESSEE shall furnish the LESSOR with certificate of such insurance prior to the commencement of the term.

11.  If the premises shall be damaged or destroyed by fire or other cause, the same shall be repaired or replaced or restored to the condition the same were in immediately preceding such fire or other cause by, and at the expense of, the LESSOR, but only to extent that the LESSOR has received insurance proceeds sufficient therefor, and the rent and any other charges shall, until such repairs have been made, be abated as to the part of the premises which is unusable by the LESSEE on a just and equitable basis.  Such repairs shall be made promptly subject to reasonable delay which may arise by reason of adjustment of insurance on the part of the LESSOR and for delay on account of labor troubles or any other cause beyond the LESSOR'S control.  The LESSOR shall not be liable for any inconvenience or annoyance to the LESSEE or injury to the business of the LESSEE resulting from delays in repairing such damage, except that the LESSOR agrees to use its best efforts to

3

procure such insurance proceeds and to repair such damage
expeditiously, and except that the LESSOR shall not unreasonably
interfere with the LESSEE'S business in making such repairs.    If
the premises are totally damaged or are rendered wholly
untenantable by fire or other cause so that they cannot
reasonably be expected to be restored or rebuilt within a four
(4) month period, either the LESSOR or the LESSEE may within
thirty (30) days of the occurrence of such damage, terminate
this Lease upon fourteen (14) days' prior notice in writing to
the other.    Notwithstanding anything to the contrary in this
Lease contained, if the LESSOR shall not have in fact completed
repair of such damage within four (4) months from the occurrence
of such fire or other casualty, the LESSEE may terminate this
Lease by written notice to the LESSOR and thereafter this Lease
shall be of no further force or effect.    Upon the termination of
this Lease under the conditions herein provided for, the
LESSEE'S liability for rent accruing thereafter shall cease as
of the day following the casualty.    The LESSOR shall not be
obligated to expend funds to repair or replace the premises in
an amount in excess of the insurance proceeds received as a
result of such damage or destruction.

    12.    This Lease shall be subject and subordinate in all
respects to any mortgages granted by the LESSOR.    Except for
such encumbrances, this Lease shall be subject and subordinate
in all respects to all mortgages to recognized lending
institutions which may hereafter affect the premises and each
and every of the advances which have heretofore been made or
which may hereafter be made thereunder, and to all renewals,
modifications, consolidations, replacements and extensions
thereof, provided that the holder of any such mortgage delivers
to the LESSEE a written agreement in recordable form consenting
to this Lease and agreeing that the LESSEE shall not be
disturbed or canceled at any time, except in the event the
LESSOR shall have the right to terminate this Lease under the
terms and provisions set forth herein, and agreeing further that
proceeds of insurance and taking awards be applied as provided
for in this Lease.    In confirmation of such subordination, the
LESSEE shall execute promptly, without cost or charge, any
instruments or certificates that the LESSOR or any mortgagee may
require.    The LESSOR shall make all payments required to be made
under the provisions of any mortgage and ground or underlying
lease affecting the premises in default of which the LESSEE
shall have the right, but not the obligation, to cure any such
default and to deduct the cost thereof from the base rent or

4

additional rental or other charges becoming due under this Lease or to require the payment of such cost from the LESSOR upon demand.

IN WITNESS WHEREOF, the said parties have hereto set their hands and seals on the day and year first above written.

BREWERY PROPERTIES, LLC

By:_____
   Manager

MERCURY BREWING AND DISTRIBUTION CO., INC.

By:_____
   President

5

*3*

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. NO.   10-1292

*-C*

MERCURY BREWING AND
DISTRIBUTION CO., INC.,

            Plaintiff,

v.

BREWERY PROPERTIES GROUP, LLC,

            Defendant.

## ANSWER AND COUNTERCLAIM

Now comes Brewery Properties Group, LLC., (the "Defendant" and/or "BPG")
and hereby answers the Complaint dated June 11, 2010 (the "Complaint") of Mercury
Brewing And Distribution Co., Inc. (the "Plaintiff"and/or "MBC"), as follows:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Denied. By way of further response the Defendant states that the inability
to complete construction of the premises is a direct result of the actions of the Plaintiff
and/or it's managing member, Robert Martin.

5.     The Defendant lacks knowledge or information sufficient to form a belief
as to the truth or accuracy of the allegations contained in Paragraph 5 of the Complaint.

## COUNTERCLAIM

Non Payment of Rent

6.    On November 1, 2008, the Plaintiff entered into a Lease of real property owned by the Defendant and located at 2 Soffron Lane, Ipswich, Essex County, Massachusetts (the "Property").

7.    Pursuant to said Lease, the Plaintiff is to pay to the Defendant the amount of Nineteen Thousand and 00/100 ($19,000.00) Dollars per month, commencing April 1, 2009 and continuing through and including March 14, 2014. Thereafter, the monthly rent is to be increased by mutual agreement to a fixed amount for the next five (5) year period.

8.    In addition to the monthly rent, the Plaintiff is obligated under the Lease to pay to the Town of Ipswich all real property and personal property taxes when due.

9.    The lease is in default for nonpayment of rent. As of this date, the Plaintiff has failed and/or refused to pay to the Defendant any rent or other charges due under the Lease. Upon information and belief, the Plaintiff has also failed and/or refused to pay to the Town of Ipswich any taxes due in connection with the Property as per the Lease terms.

### Fraud. Deceit and Conversion

10.    In connection with a certain financing arrangement (the "Bond Financing"), on or about January 15, 2009, BPG and Mercury Brewing And Distribution Company, Inc. ("MBC") executed and delivered to Danversbank (the "Bank"), certain loan documents, including, without limitation, a Loan and Trust Agreement, Mortgage, Security Agreement and Assignment of even date in the original principal amount of One

Million Nine Hundred Eighty Thousand and 00/100 ($1,980,000.00) Dollars (collectively the "Loan Documents"),

11.     Martin executed and delivered to the Bank an Unlimited Personal Guaranty (the "Guaranty"), of the obligations of the corporate Defendants.

12.     Martin is a shareholder of MBC and a member of BPG.

13.     Martin was acting as the general contractor of a construction project at the Property, financed by the Bank and budgeted at Two Million Five Hundred Thousand and 00/100 ($2,500,000.00) Dollars, inclusive of acquisition and development costs. To date, approximately Three Million One Hundred Thousand and 00/100 ($3,100,000.00) Dollars has been expended under Martin's direction. There remains an additional One Million and 00/100 ($1,000,000.00) Dollars needed to complete the project, including approximately Five Hundred Thousand and 00/100 ($500,000.00) Dollars in outstanding invoices to contractors.  BPG, nor its members were aware of the scope of the overages until well after the fact.

14.     Upon Information and belief, the Bank was also unaware of the overages until after the fact. BPG has discovered that as early as April of 2009, the Bank notified Martin and MBC, in writing, that requisitions and change orders were being handled in an unconventional manner.

15.     The only written approval of expenditures are Martin's requisitions to the Bank and checks signed by Martin in his various MBC and BPG capacities.

16.    In or about November of 2009, Martin presented BPG with an overage list with respect to the construction project. It was represented by Martin that the remaining construction budget combined with the overage list would complete the project.

17.    In reliance upon Martin's representations, including the overage list, BPG remitted to MBC an additional Three Hundred Thousand and 00/100 ($300,000.00) Dollars to complete the construction project.

18.    Unbeknownst to BPG, Martin hid the actual overage amounts. In fact, the construction project was approximately One Million and 00/100 ($1,000,000.00) over budget.

19.    On or about November 30, 2009, Martin informed Todd Darling, the managing member of BPG, that he had used MBC funds for the project.

20.    Martin approved numerous construction items that were not reflected in any budget or any plan, nor approved by any members of BPG, estimated to have cost approximately Five Hundred Thousand and 00/100 ($500,000.00) Dollars including, without limitation,(i) raising a wall in the brew house area, (ii) costs for a new well head, (iii) a full basement suite complete with HVAC, (iv) 2 full baths and showers and laundry room, (v) pharmaceutical grade plumbing supplies, (vi) CO2 plumbing, (vii) steel for brew house plumbing, and (viii) brew house plumbing and old boiler retrofitting.

21.    In addition, the HVAC budget was set at Ninety Thousand and 00/100 ($90,000.00) Dollars. To date over Two Hundred Seventy Five Thousand and 00/100 ($275,000.00) Dollars has been spent on HVAC and the system remains uncompleted. BPG has recently obtained three (3) bids from HVAC contractors, all of which came in at Ninety Thousand and 00/100 ($90,000.00) Dollars to One Hundred Ten Thousand and

00/1000 ($110,000.00) Dollars. All HVAC invoices were directed to MBC, and authorized by Martin.

22.    On or about January 20, 2010, Martin knowingly misrepresented to BPG the financial situation of the construction project. Martin estimated the outstanding invoices to be approximately $200,000.00, the total amount of the combined MBC and BPG bank balance and construction loan balance.  In reality, the outstanding invoices totaled approximately $384,000.00, later to grow to approximately $500,000. In addition, BPG learned that the contractors estimated the project completion cost would be between Three Hundred Thousand and 00/100 ($300,000.00) Dollars to Nine Hundred Thousand and 00/100 ($900,000.00) Dollars.

23.    On or about January 27, 2010, Martin wrote a check from the BPG bank account to MBC in the amount of Twenty Thousand and 00/100 ($20,000.00) Dollars. At a meeting held on January 22, 2010, BPG expressly directed that no funds be expended unless all members of BPG were aware and assented to.

24.    Martin used BPG funds for MBC purposes without full disclosure to BPG. Martin also co-mingled MBC and BPG funds during 2009 the extent of which was only disclosed to BPG members on February 11, 2010.

25.    Upon information and belief, Martin and MBC converted BPG funds to purchase certain brewery equipment in the name of MBC, the same being included in the MBC list of assets.

26.    No reconciliation of payments and invoices to budget appears to have been done by Martin during 2009. Martin was the only person with access to all information sufficient to obtain a full picture of the financial situation.

COUNT I

Breach of Contract

27.    The Plaintiff repeats and incorporates each and every allegation contained in Paragraphs 6 through 26 of this Counterclaim.

28.    The Plaintiff is in breach of its obligations under the lease by the failure and/or refusal to pay rent and other charges due thereunder.

## COUNT II

### Fraud and Deceit

29.    The Plaintiff repeats and incorporates each and every allegation contained in Paragraphs 6 through 28 of this Counterclaim.

30.    The misrepresentations of fact made by Martin and/or MBC as set forth herein were made with the intent to defraud the Defendant and to cause it financial harm.

31.    Martin and/or MBC knew or should have known that the Defendant would rely upon the misrepresentations.

32.    The misrepresentations with knowledge of their falsity.

33.    The Defendant has been damaged by the actions of Martin and MBC.

## COUNT III

### Conversion

34.    The Plaintiff repeats and incorporates each and every allegation contained in Paragraphs 6 through 33 of this Counterclaim.

35.   The actions of Martin and MBC as set forth herein constitute a conversion of BPG's funds.

36.   Martin and/or MBC were in possession, or, had the right to possession of the funds of BPG that he converted to their own use which was inconsistent with BPG's rights.

37.   BPG has been damaged by the actions of Martin and MBC.

WHEREFORE, the Defendant, Plaintiff–in–Counterclaim respectfully requests that this Court:

1. enter Judgment in favor of the Defendant, Plaintiff–in–Counterclaim and against the Plaintiff on all Counts in the Counterclaim, in an amount to be determined by the Court, together with costs and attorneys fees; and

2. grant such other and further relief as is just and proper.

Dated: July 14, 2010

BREWERY PROPERTIES GROUP, LLC.,
By its attorneys,

_____
Bill N. Jacob, Esq. (BBO #550959)
805 Turnpike Street, Suite 201
North Andover, MA 01845
(978) 683-2479

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. NO.   10-1292

---

MERCURY BREWING AND DISTRIBUTION
COMPANY, INC.,

               Plaintiff,

v.

BREWERY PROPERTIES GROUP, LLC,

               Defendant.

---

## CERTIFICATE OF SERVICE

I, Bill N. Jacob, Esq., hereby certify that on this 14th day of July, 2010, I served a copy of

the annexed Answer, by regular mail, postage prepaid, upon:

William Sheehan, Esq.
MacLean, Holloway, Doherty, Ardiff & Morse, PC
8 Essex Center Drive
Peabody, MA 01960

 

 

_____
Bill N. Jacob, Esq.